In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-052 CV


 ______________________


 

IN RE THE COMMITMENT OF NOE RIOJAS






On Appeal from the 9th District Court


 Montgomery County, Texas


Trial Cause No. 05-06-05164 CV






OPINION


 The State filed a petition seeking to involuntarily civilly commit Noe Riojas. See Tex.
Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003 & Supp. 2006). The jury
found that Riojas suffers from a behavioral abnormality that makes him likely to engage in
a predatory act of sexual violence. Riojas previously had been convicted of indecency with
a child in 1992 and aggravated sexual assault of a child in 1998. One child was three and the
other eleven. The State's expert witness, a forensic psychiatrist, diagnosed Riojas with
pedophilia. The trial court entered a final judgment and order of civil commitment from
which Riojas appeals. 

 Riojas argues the trial court erred in refusing the following jury instruction: "You are
instructed that this behavioral abnormality must be an inability to control his violent behavior
that would make him more dangerous than the ordinary dangerous recidivist." He asserts he
was denied due process under the Fourteenth Amendment because the "constitutional
measure of his dangerousness was kept from the jury."

 The jury charge defined "behavioral abnormality" as "a congenital or acquired
condition that, by affecting a person's emotional or volitional capacity, predisposes the
person to commit a sexually violent offense, to the extent that the person becomes a menace
to the health and safety of another person." In broad-form submission, the charge asked the
jury if Riojas "suffers from a behavioral abnormality that makes him likely to engage in a
predatory act of sexual violence[.]" A finding that a person suffers from an emotional or
volitional defect so grave as to predispose him to threaten the health and safety of others with
acts of sexual violence entails a determination that he is "more dangerous than the ordinary
dangerous recidivist." The requested instruction would merely have emphasized one aspect
of the case already implicit in the statutory definition and broad-form question. See generally
In re Commitment of Almaguer, 117 S.W.3d 500, 505-06 (Tex. App.--Beaumont 2003, pet.
denied) (request for separate instruction on loss of control).

 The jury charge tracks the language of the statute, broad-form submission was used,
and definitions were submitted to assist the jury in answering the question of whether Riojas
is a sexually violent predator. See Tex. Health & Safety Code Ann. § 841.002 (2),(5)
(Vernon Supp. 2006). The separate instruction requested by Riojas was not needed, and the
trial judge did not err in refusing to submit it. We overrule appellant's issue.

 The judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on December 11, 2006

Opinion Delivered April 12, 2007

 

Before Gaultney, Kreger, and Horton, JJ.